Colcock, J.
This action was brought for the taking and carrying away of a certain raft of lumber. The plaintiff had bought the raft- of one Knight, and it was taken by the sheriff on a fi. fa. which had been lodged in his office against the said Knight. The raft was valued at three hundred and forty-eight dollars, and the jury found a verdict for the plaintiff for seven hundred dollars. The plaintiff proved .the sale by Knight, and the taking and carrying away by the sheriff, and also that he suffered injury in consequence of the said taking, being then engaged in building a valuable pounding mill, which was delayed by the loss of the raft. On the part of *689 that Knight was CJ the defendant, it was contended, incompetent, being interested; and that no conSe quential damages could be recovered iti this action. As to the first ground, I think Knight a competent witness. When the law speaks of an interest which shall exclude one from being a witness, it means a pecuniary interest; and the pecuniary interest of Knight could not have been affected, for he was indebted to both the plaintiff and defendant, and would get a credit from whichever of them prevailed. On the second ground, I think, there should be a new trial, for no consequential damages should have been given in evidence in this form ef but, if any had resulted, a separate ___ have been brought for that. The alia|enoi braces only such acts as are done at trespass is committed, or in the eommiijsion if in breaking into the close, the tres beat the owner, this would be include enormia. But that the delay which took place in the building the plaintiffs machine, and the consequent loss of toll, should have been made the subject of consideration, is, in my opinion, contrary to the established doctrine on this subject. Sec 1st Set. nd the cases there referred’to, page 454. ii If the injury be occasioned by the act óf the defendant at the time, or the defendant be the immediate cause .of the injury, trespass vi et armis is the proper remedy; but where the injury is not direct and immediate on the act done, but consequential only, then the remedy is by an action on the case.” It is highly important that this distinction should be observed, *690 for how else can a defendant come prepared to defend himself. In this case the defendant could not imagine from- the form of action that any other point would arise than this, whether the execution in his office bound the property before the sale. It was not alleged that the taking was accompanied with any aggravating circumstances; but, on the contrary, it was stated by defendant to be an act of duty as he thought. I am of opinion a new trial should be granted.
Brevard, J.
The action was trespass vi et ar-mis for taking away personal property. The declaration was general, without any allegation of special damage. Evidence was submitted of consequential damages to the plaintiff arising from the peculiar circumstances of the cose, from which it appeared, that the lumber, for the wrongful taking of which the action was brought, was intended by the plaintiff to complete a mill for pounding rice, and that, in consequence of the injury complained of, the completion of the mill was delayed, and the plaintiff greatly damnified. The admission of this evidence was not objected to ; and, for that reason, I am of opinion, the admission thereof, though improper, is not a sufficient cause for granting this motion. But the judge, in charging the jury on this evidence, did instruct them, that they might legally increase the compensation, by way of damages, for the trespass committed, by taking into their consideration the value of the lumber to the plaintiff under the *691 particular circumstances of the'case, and the loss he A . , . sustained in consequence of nis mill remaining idle for want of the materials in question which were pur-x A chased for completing it. I am of opinion, that this direction to the jury was wrong; and that a new trial ought in consequence thereof, to be granted. It cannot be fairly presumed that the jury were indifferent to this direction, and that they did not award damages as well for the consequential loss, as for the violent taking of the lumber, which, upon the record in this case, they were not authorised to do, the consequential injury not being specially alleged in the declaration, as it ought to have been, (if it eould be compensated in this form of action at all ;) for a plaintiff cannot give in evidence, or recover damages in this action for any injury for which action lies, unless it is'expressly charged in the declaration under the general charge of 64 other enormities done.” lie may give evidence of the manner of,committing the trespass in aggravation, ,or outrages accompanying the same, as insulting a .wife or child, tossing about goods, &c. but not of any loss consequentially resulting from the trespass complained of. The reasons which support this rale are founded in obvious policy and justice.
Justice Bay dissented: Grimke, concurred.